RECEIVED
IN LAKE CHARLES, LA.
MAY - 7 2012
TONY R. MOORE, CLERK
BY_____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| OCEANCONNECT.COM, INC. | : | DOCKET NO. 2:09-1694 |
| VS. | : | JUDGE TRIMBLE |
| M/V FESCO ANGARA, AND ITS TACKLE, EQUIPMENT, AND APPURTENANCES, IN REM | : | MAGISTRATE JUDGE KAY |

### ORDER

Before the court is a motion for reconsideration (R. #69) and a "Request for Oral Argument" (R. #70) wherein defendant, M/V FESCO ANGARA, seeks to have this court vacate its prior Memorandum Ruling[1] and Judgment[2] because we noted that the parties had originally agreed to have discovery completed by November 30, 2011 in their Rule 26(f) report. The court notes that the trial scheduling conference set a trial date for October 22, 2012 causing the deadline to compel discovery to be no later than June 24, 2012 . However, the court did not solely rely on the discovery deadline as to the merits of OceanConnect's motion for summary judgment. Instead, the court concluded that there was no genuine issue of material fact that Britannia neither paid OceanConnect.com nor OceanConnect UK Ltd for the bunkers which were necessaries,[3] and that said non-payment gave rise

---

[1] R. #67.

[2] R. #68.

[3] Triton Marine Fuels Ltd., S.A. v. M/V Pacific Chukotka, 575 F.3d 409, 414, at n. 2; Trans-Tec Asia v. M/V Harmony Container, 518 F.3d 1120, 1128 at n. 9 (9th Cir. 2008); Galehead, Inc. v. M/V Anglia, 183 F.3d 1242, 1245 (11th Cir. 1999).(Fuel bunkers provided to a vessel are necessaries under the FMLA as a matter of law).

to a maritime lien under the FMLA. We further found no merit to defendant's argument that the sale of fuel bunkers credit is not a maritime contract, nor a maritime lien.[4] We concluded that OceanConnect had established the elements of the maritime lien with respect to the fuel bunkers and granted summary judgment in OceanConnect's favor awarding plaintiff the amount of $177,305.59 plus prejudgment interest on that sum. The M/V FESCO ANGARA was given ample time and opportunity to dispute the motion filed by OceanConnect; the court allowed the FESCO ANGARA to file not only an opposition to the motion for summary judgment, but also a sur-reply to the motion. Furthermore, the original motion for summary judgment was filed on August 11, 2011[5] which was not ruled upon until January 26, 2012. A "nonmovant may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts."[6] The court further notes that the FESCO/ANGARA filed its first motion to compel on May 3, 2012. However, the court finds that because the discovery deadline is June 24, 2012 and the vessel did maintain that further discovery was necessary, the court will vacate its prior Memorandum Ruling and Judgment in order for the vessel to conduct discovery within the June 24, 2012 deadline. Accordingly, it is

**ORDERED** that the motion for reconsideration is hereby **GRANTED** and the Memorandum

---

[4] See Exxon Corp. V. Central Gulf Lines, Inc., 500 U.S.603 (1991)(courts should look at the subject matter of the agency contract and determine whether the services performed under the contract are maritime in nature. Admiralty jurisdiction extends to the delivery of fuel to a vessel).

[5] R. #45.

[6] Securities and Exchange Commission v. Spence & Green Chemical Co., 612 F.2d 896, 901 (5th Cir. 1980); Adams v. Travelers Indem. Co. of Connecticut, 465 F.3d 156, 162 (5th Cir. 2006) ("A party cannot evade summary judgment simply by arguing that additional discovery is needed and may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.") (internal citations omitted).

Ruling and Judgment[7] are hereby **VACATED**. However, there will be no extensions of time for any further discovery past the June 24, 2012 discovery deadline.

**IT IS FURTHER ORDERED** that defendant shall file no later than July 24, 2012 its opposition to plaintiffs' motion for summary judgment. Plaintiffs shall file their response no later than August 7, 2012 after which the court will again consider the motion for summary judgment.

**IT IS FURTHER ORDERED** that the request for oral argument is hereby **DENIED**.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 7th day of May, 2012.

*[signature]*
JAMES T. TRIMBLE, JR.
U.S. DISTRICT JUDGE

---

[7] R. #67 and 68.

3